**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SENEN GOMEZ, | No. 05-76901 |
| Petitioner, | Agency No. A096-342-414 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2010[**]
Pasadena, California

Before: NELSON and GOULD, Circuit Judges, and DOWD, Senior District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David D. Dowd, Jr., Senior District Judge for the Northern District of Ohio, sitting by designation.

Petitioner Senen Gomez ("Petitioner"), a native and citizen of Colombia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his application for asylum and withholding of removal.[1]  The BIA affirmed the decision of the Immigration Judge ("IJ") that: 1) Petitioner failed to establish extraordinary or changed circumstances that would excuse his failure to apply for asylum within one year after entry to the United States, and therefore was ineligible for asylum; and 2) Petitioner failed to establish past persecution or a well-founded fear of future persecution based upon one of the statutory grounds that would entitle him to withholding of removal.

For the reasons that follow, we DISMISS the petition as to the asylum application for lack of jurisdiction, and DENY the petition as to the application for withholding of removal.

A.    The Court Lacks Jurisdiction to Review
      Denial of the Petitioner's Application for Asylum

      Applicants for asylum must file their application within one year of entry into the United States unless they can establish changed circumstances in the applicant's native country or extraordinary circumstances that prevented timely

_____

[1] Petitioner's opening brief asserts that Petitioner requested relief before the Immigration Judge under Article 3 of the Convention Against Torture, but apparently does not challenge on appeal the agency's denial of protection under the Convention Against Torture.  Therefore, that issue will not be considered by this Court.

filing. *See* 8 U.S.C §§ 1158(a)(2)(B), 1158(a)(2)(D); Immigration and Nationality Act ("INA") § 208(a)(2)(b), 8. U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 208.4(a)(2). Included in the statute is a provision that once the Attorney General determines the timeliness of an asylum application, "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2) [of INA § 208(a)(2)]." INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). That provision barred <u>any</u> review of a determination of the timeliness of an asylum application, including whether an exception applies due to changed or extraordinary circumstances. *Molina-Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir. 2002) ("We lack jurisdiction to review the BIA's determination that no 'extraordinary circumstances' excused Petitioner's untimely filing of his application for asylum."). However, the Real ID Act of 2005 restored the Court's jurisdiction over "constitutional claims or questions of law." *Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir. 2007)

("Section 106 of the Real ID Act of 2005 restores our jurisdiction over 'constitutional claims or questions of law.'").[2]

In this case, however, the facts surrounding the issue of "changed circumstances" were disputed and the IJ was required to make a factual determination about Petitioner's intent to return to Colombia before concluding that the Petitioner's asylum application was time-barred. Consequently, unlike *Ramadan* which involved undisputed facts, this Court lacks jurisdiction to consider Petitioner's appeal regarding his asylum application.

Accordingly, the petition as to Petitioner's asylum application is DISMISSED.

B.    IJ's Denial of Withholding of Removal Supported by Substantial Evidence

---

[2] The *Ramadan* Court held that "questions of law," as used in section 106, includes questions of "changed circumstances" pertaining to the timeliness of an asylum application when the facts are undisputed and the question on appeal pertains to the application of the undisputed facts to the statutory standard. *Ramadan v. Gonzales,* 479 F.3d at 650 ("We now hold that 'questions of law,' as it is used in section 106, extends to questions involving the application of statutes or regulations to undisputed facts, sometimes referred to as mixed questions of fact and law. Further, we hold that the 'changed circumstances' question presented by Ramadan's petition is a question of the application of a statutory standard to undisputed facts, over which we have jurisdiction."). With respect to the petition before it, the *Ramadan* Court concluded that the petitioner's "challenge to the IJ's determination that Ramadan failed to show changed circumstances" was reviewable as a mixed question of law and fact, defined by the Supreme Court as questions for which "the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard." *Ramadan v. Gonzales,* 479 F.3d at 656-67 ("Here, the factual basis of Ramadan's petition is undisputed; we only review whether the IJ appropriately determined that the facts do not constitute 'changed circumstances' as defined by the immigration law.").

Although the Court does not have jurisdiction to hear Petitioner's asylum petition, the Court retains jurisdiction to review the denial of Petitioner's application for withholding of removal. In this case regarding the question of removability, the BIA issued a written per curiam decision adopting and affirming the decision of the IJ, without separate analysis or opinion, and citing *Matter of Burbano*. *See* Decision of the Board of Immigration Appeals.[3] "When the BIA adopts and affirms the IJ's decision with a citation to *Burbano*, and does not disagree with any part of the IJ's decision, we review the IJ's decision as if it were the decision of the BIA." *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010) (citing *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009); *Abebe v. Gonzales,* 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc)). Therefore, the standard of this Court's review is whether the IJ's denial of withholding of removal is supported by "substantial evidence" and the IJ's decision will be upheld unless the evidence compels a contrary result. *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (superseded by statute on other grounds).

---

[3] "Regarding the issues of the respondent's removability . . . , we adopt and affirm the decision of the Immigration Judge. *See Matter of Burbano*, 20 I.&N. Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is 'simply a statement that the Board's conclusions upon review of the record coincide with those which the Immigration Judge articulated in his or her decision')."

To qualify for withholding of removal, Petitioner must show it is more likely than not that he will be persecuted upon deportation to his home country on account of one of five statutorily protected grounds - race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3)(A), 8 U.S.C. § 1241(b)(3)(A); 8 C.F.R. § 1208.16(b); INA § 101(a)(42(A), 8 U.S.C. § 1101(a)(42)(A); *Navas v. INS*, 217 F.3d 646, 654-56 (9th Cir. 2000). In this case, Petitioner claims that he faces persecution in Colombia because of his political opinion and membership in a particular social group.

In Colombia, the Petitioner was subjected to threats and physical abuse by FARC, an anti-government military group, to obtain money from Petitioner to support FARC's cause. Petitioner concedes that he "never claimed to have a political opinion, whether contradictory to or in favor of FARC." However, Petitioner argues that when he refused to provide FARC with money, he was perceived by FARC as having a political opinion against FARC and in favor of the government. However, no evidence before the IJ established that FARC's interest in Petitioner was attributable to any perceived political opinion, but rather established that FARC's threats and abuse were attributable to securing money from Petitioner. The IJ's conclusion that money, rather than perceived political opinion, was the motivation behind FARC's persecution of Petitioner is supported

6

by substantial evidence, and the record does not compel a contrary conclusion.

Petitioner also argues that FARC's persecution was attributable to his membership in a particular social group.[4] In this case, Petitioner identifies two social groups. The first group is based on his relationship to a wealthy uncle, and the second group is "well-educated, hardworking middle class" which can afford to accumulate wealth. Petitioner claims that FARC targeted Petitioner to obtain money for the FARC cause because of Petitioner's membership in these groups. However, the IJ determined that Petitioner's testimony and State Department reports established that FARC was seeking to extort money to further their cause across Colombia from anyone who might have something of value. The IJ's conclusion that Petitioner's experience with FARC extortion was an experience that was widespread across Colombia, and therefore not attributable to membership in a particular social group, is supported by substantial evidence in the record, and the record does not compel a contrary conclusion.

---

[4] A "particular social group" is one united by voluntary association or by an innate characteristic that is fundamental to the identities of its members. *See Hernandez-Montiel v. INS*, 225 F.3d 1084, 1093 (9th Cir. 2000). The "[k]ey to establishing a 'particular social group' is ensuring that the group is narrowly defined." *Ochoa v. Gonzales*, 406 F.3d 1166, 1170-71 (9th Cir. 2005) (business owners in Colombia who rejected demands by narco-traffickers to participate in illegal activity is too broad to qualify as a particularized social group and have neither a voluntary relationship nor innate characteristic). However, it is not necessary for this Court to reach the question whether the two "social groups" advanced by Petitioner in this case constitute protected social groups for purposes of withholding of removal analysis.

Accordingly, the petition as to withholding of removal is DENIED.

**PETITION DISMISSED IN PART AND DENIED IN PART.**